UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRANDON FLINT,

     **Plaintiff,**

v.                                  **Case No: 5:19-CV-139-OC-02PRL**

EARL SHORT, GERALD MILLER
and CODY HOWARD,

     **Defendants.**

_____

## ORDER

Plaintiff, proceeding *pro se*, is currently incarcerated in the Florida Department of Corrections and has filed a motion for leave to proceed *in forma pauperis* (Doc. 2). The case is before the Court for screening pursuant to the Prison Litigation and Reform Act (PLRA). The PLRA directs the Court to dismiss a case if the Court determines that the action is frivolous, malicious, fails to state claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[1] The Court must liberally construe a *pro se* Plaintiff's allegations.[2]

### Claims

In his Complaint, Plaintiff sues three Department of Corrections staff members at Marion Correctional Institution: Sergeant Earl Short, Captain Gerald Miller, and

---

[1] See 28 U.S.C. §§ 1915A, 1915(e)(2).

[2] Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

Officer Cody Howard. (Doc. 1 at 2-3). Specifically, Plaintiff alleges that on September 22, 2018, the Defendants assaulted him in violation of his Eighth Amendment rights. As a result, Plaintiff suffered bruised ribs, neck pain, and loss of feeling in his left arm. Id. at 5. For relief, Plaintiff seeks:

> I would like to pursue crimminal [sic] charges against these officers and request money damages for mental health trama [sic] and pumative [sic] damages.

Id.

## Official Capacity

Plaintiff seeks to sue all the named Defendants in their official capacities only. See id. at 2-3. To the extent the Defendants are sued in their official capacities, they are entitled to Eleventh Amendment immunity. See e.g., Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989); Kentucky v. Graham, 473 U.S. 159 (1985). As such, the Court will dismiss the allegations against all Defendants in their official capacities.

## Plaintiff Cannot Seek Criminal Charges

If Plaintiff believes that the Defendants' actions were a violation of criminal law, Plaintiff cannot have this Court prosecute criminal charges against him as "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (citing Linda R. v. Richard V., 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the

prosecutor's discretion. <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 364 (1978); <u>see</u> <u>also</u> <u>United States v. Giannattasio</u>, 979 F.2d 98, 100 (7th Cir. 1992). Accordingly, the prosecution of Defendants is not available through this lawsuit.

### Conclusion

Accordingly, it is hereby

**ORDERED**:

1.     Flint's claims against Defendants Short, Miller, and Howard are **DISMISSED** for failure to state a claim.

2.     To the extent that Plaintiff wishes to cure the deficiencies of his Complaint, he may file an Amended Complaint on the standard Civil Rights Complaint form by **April 23, 2019**. Failure to comply **will** result in the dismissal of this case without further notice.

**DONE** and **ORDERED** in Tampa, Florida on April 2, 2019.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Brandon Flint, #H48602