UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRANDON FLINT, DC# H48602,

    Plaintiff,

v.                                        CASE NO: 5:19-cv-139-Oc-02PRL

EARL SHORT and CODY HOWARD,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

Before the Court is the motion to dismiss filed by defendants Short and Howard. Dkt. 27. Defendants, citing Fed. R. Civ. P. 12(b)(6), seek dismissal of the amended complaint (Dkt. 5). Plaintiff did not respond to motion to dismiss, rendering it "unopposed" under the Local Rules.[1] The Court grants the motion. A comparison between the original and amended complaint shows that further amendment would be futile. Accordingly, the dismissal is with prejudice.

---

[1] The Plaintiff was instructed that "[y]ou must timely respond to any motion filed by each defendant or Respondent. If you do not respond to a motion, the Court will assume that you do not oppose the relief requested in the motion and proceed as if it is not opposed . . . if a defendant or Respondent files a 'Motion to Dismiss' or 'Motion for Summary Judgment,' then you must file your response within 21 days after it is served." Dkt. 21 at 3.

## BACKGROUND

Plaintiff, Brandon Flint, is an inmate in the custody of the Florida Department of Corrections. Plaintiff filed a Civil Rights Complaint, pursuant to 42 U.S.C. §1983, against Defendants Earl Short and Cody Howard, current Department employees. Dkt. 1 at 2. Plaintiff sues the Defendants in their personal capacities. Defendants Short and Howard have been served. A third defendant, one Gerald Miller, has not been served and is not part of this lawsuit.

Plaintiff alleges that while he was incarcerated at Marion Correctional Institution in 2018, Short backhanded him in the face and Howard hit him in the back of the head several times. His injuries were bruising of ribs on his right side, pain in his neck, and loss of feeling in his left arm. Plaintiff does not allege any permanent physical injury and seeks no compensatory damages for physical injury. He does not claim any medical treatment, or assert any medical records exist, stating "Medical refused to acknowledge my wounds or even help because of retaliation by the officers." Dkt. 5 at 4. Plaintiff does not state the matter, which was one incident on September 22, 2018, repeated itself.

In the original complaint Plaintiff sought to impose criminal charges against Defendants, money damages for mental health trauma, and

punitive damages. The amended complaint seeks "punitive damages and money damages for mental health trauma." Dkt. 5 at 4. The cause of action is based upon 42 U.S.C. §1983, under the Eighth Amendment's cruel and unusual punishment clause.

## PLAINTIFF FAILS TO STATE A CLAIM FOR AN EIGHTH AMENDMENT VIOLATION

In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). While the allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff, *Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir. 1995), the plaintiff must make more than vague and conclusory assertions. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-664 (2009). The "*Twombly-Iqbal* plausibility standard" defines the scope of what a well-pled complaint must contain for the allegations to be accepted as true. The origin of the plausibility standard was articulated by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), when it held that a complaint must contain sufficient factual matters to state a claim that is plausible on its face. *Id.* at 570. Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts, however,

are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679; *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

To be considered plausible on its face, a complaint must contain facts that "allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. at 674. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" *Id.* at 679, citing Fed. R. Civ. P. 8(a)(2). Moreover, "[w]hen faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred." *Swick v. Dep't of Corr.*, No. 10-14211-CIV, 2011 WL 772780, at *1 (S.D. Fla. Feb. 7, 2011), citing *Iqbal*. It is by this plausibility standard that the subject Complaint is analyzed.

The Plaintiff claims that the basis for jurisdiction of this case is 42 U.S.C. §1983 for violation of the "Eighth Amendment Right" to the United States Constitution. This is the only claim asserted by the Plaintiff. Dkt. 5 at 3. Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation. *LaMarca v. Turner*, 995 F.2d 1526, 1538

4

(11th Cir. 1993). Additionally, vague and conclusory accusations are insufficient to state a civil rights claim.

It affirmatively appears from the Complaint that Plaintiff's injuries were *de minimis* injuries, which cannot form a basis for recovery for mental distress or punitive damages as requested under the Eighth Amendment. In a light most favorable to the Plaintiff, he was slapped and hit by corrections officers on one occasion, with no physical injury beyond immediate or transitory soreness. Under the Eighth Amendment as it applies to inmates serving a prison sentence, this is non-actionable, *de minimis* injury which will not support a civil rights claim as stated here. Notably, Plaintiff seeks no compensatory damages for physical injury whatsoever, only for "mental health trama [sic]" and punitive damages. Dkt. 5 at 4.

As to Eighth Amendment claims for mental or emotional injury, it is well established that a *de minimis* injury cannot form the basis for a claim of mental or emotional injury. The Court in *Mann v. McNeil*, 360 F. App'x 31 (11th Cir. 2010) addressed what constitutes a *de minimis* injury:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. §1997e (e). In order to avoid dismissal under §1997e (e), a prisoner's claims for emotional or mental injury must be accompanied by allegations

5

> of physical injuries that are greater than *de minimis. Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1301, 1312-13 (11th Cir. 2002). We have previously held that a forced 'dry shave' only amounted to a *de minimis* injury. *Harris v. Garner*, 190 F.3d 1279, 1286–87 (11th Cir. 1999),*vacated*, 197 F.3d 1059, *reinstated in relevant part*, 216 F.3d 970, 972 (11th Cir. 2000) (*en banc*); *see also Nolin v. Isbell*, 207 F.3d 1253, 1258 n. 4 (11th Cir. 2000) (bruises received during an arrest were non-actionable *de minimis* injury).

*Id*. at 32 (internal quotation marks omitted).

Here the vaguely-stated physical injuries are so minor that Plaintiff seeks no recovery for them at all; they are *de minimis* physical injuries. *See Nolin*, 207 F.3d at 1258 n.4; *Mann*, 360 F. App'x at 32.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992) (internal citations and quotation marks omitted). Title 42 U.S.C. §1997e (e), therefore, bars Plaintiff's claim for damages due to mental anguish and suffering. *See Mitchell*, 294 F.3d at 1312-13.

### THE CLAIM FOR PUNITIVE DAMAGES FAILS

Punitive damages are available in section 1983 actions only when a defendant's conduct is shown to be motivated by evil motive or intent, or

6

when it involves reckless or callous indifference to federally-protected rights. *Smith v. Wade*, 461 U.S. 30 (1983); *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 536 (1999) (citations omitted). Plaintiff's allegations fail to rise to this level in an Eighth Amendment setting.

Accordingly, the motion to dismiss (Dkt. 27) is granted and the amended complaint is dismissed. As a comparison between the two filed complaints shows an identical recitation of facts. It is clear that any further amendment would be futile. Thus, dismissal is with prejudice. The Clerk is directed to terminate any pending deadlines and to close the case.

**DONE AND ORDERED** at Ocala, Florida, on February 12, 2020.

*s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record and unrepresented parties